# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ANTONE LAMANDINGO KNOX,            )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    Case No. CIV-19-191-F
                                   )
STATE OF OKLAHOMA,                 )
                                   )
    Defendants.                    )

## REPORT AND RECOMMENDATION

Plaintiff Antone Lamandingo Knox, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. (ECF No. 1). United States District Judge Stephen P. Friot has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Court should dismiss the action for a lack of jurisdiction and transfer the case to the Eastern District of Oklahoma.

**I.   DISMISSAL AND TRANSFER OF THE PETITON**

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (citation omitted). Here, however, Petitioner is incarcerated at the Oklahoma State Penitentiary (OSP), McAlester, Pittsburg County, Oklahoma, *see* ECF No. 1:1, a facility located within the territorial jurisdiction of the Eastern District of Oklahoma. *See* 28 U.S.C. §116(b). Consequently, this Court lacks jurisdiction over his petition. *See Haugh*, 210 F.3d at 1149 (10th Cir. 2000) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and

must be filed in the district where the prisoner is confined."). Nonetheless, "[j]urisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *Haugh*, 210 F.3d at 1150 (citation and internal quotation marks omitted). It is within this court's discretion to determine whether to transfer an action or instead to dismiss the action without prejudice. *See Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

In the Petition, Mr. Knox alleges that he was wrongfully denied parole and that his sentence was wrongfully increased following the retroactive application of a state statue. *See* ECF Nos. 1:2, 6-8 & 3. As relief, Petitioner request credit to his sentence for each day he believes he has been illegally incarcerated. (ECF No. 1:8). Mr. Knox alleges that he has exhausted his claims in state court. *See* ECF Nos. 1 & 3. No issue—including a statute of limitations issue—mitigates against the transfer of this matter to the appropriate judicial district for disposition.

## II.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, the undersigned recommends that the interest of justice warrants the transfer of this matter, including Petitioner's pending motion for leave to proceed in forma pauperis, *see* ECF No. 2, to the United States District Court for the Eastern District of Oklahoma.

Petitioner is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **March 22, 2019**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P.

72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

### III.     STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral.

ENTERED on March 5, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE