# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

ANTONE LAMANDINGO KNOX,               )
                                      )
                    Petitioner,       )
                                      )
v.                                    )     **Case No. CIV 19-096-RAW-KEW**
                                      )
TOMMY SHARP, Interim Warden,          )
                                      )
                    Respondent.       )

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Dkt. 24). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who currently is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma.

The petition is difficult to read and understand. While the Court construes Petitioner's pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), this relaxed standard does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Petitioner's allegations are rambling and unclear, however, he apparently is asking the Court to order officials of the Oklahoma Pardon and Parole Board, who are nonparties, to provide him with pardon and parole records. He also wants the Court to direct his immediate release. (Dkt. 1 at 8).

A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254(a). While the facts in the petition should be treated as true, and all reasonable inferences are indulged in Petitioner's favor, *GF Gaming Corp. v. City of Black Hawk*, 405 F.3d 876, 881 (10th Cir. 2005), "it is well established that a '[petition] should not be dismissed for failure to state a claim unless it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief,'" *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)).

Petitioner has presented no arguments, authorities, or specifics showing how he is in custody in violation of the Constitution or the laws or treaties of the United States. He also has failed to show how his sentence is being executed in an unconstitutional manner. Further, a request for pardon and parole records is not appropriate in a habeas petition, and the respondent, who is the interim warden of Petitioner's facility, is not the custodian of those records. Such records are property of the Oklahoma Pardon and Parole Board.

After careful review, the Court finds Petitioner has not shown he is entitled to relief. Therefore, Respondent's motion to dismiss his petition for habeas relief must be granted.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not "demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, Petitioner should be denied a certificate of appealability.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 24) is GRANTED, and Petitioner is DENIED a certificate of appealability.  Petitioner's motion for contempt of court (Dkt. 27) is DENIED as moot.

**IT IS SO ORDERED** this 6th day of February 2020.


Ronald A. White
United States District Judge
Eastern District of Oklahoma